1

2

3

4          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
5                  AT TACOMA

6   GERMAN VASQUEZ,
                                        Case No. C19-5724 RBL-TLF
7                      Plaintiff,
                                        ORDER TO SHOW CAUSE OR
8        v.                             AMEND PETITION

9   STATE OF WASHINGTON,

10                     Defendants.

11       Petitioner German Vasquez has filed a petition for federal habeas corpus

12  pursuant to 28 U.S.C. § 2241.[1] Dkt. 7. He seeks a dismissal of the criminal case against

13  him for violation of his due process rights.   *Id.* at 16. At the time of filing, petitioner had

14  not yet been tried on charges for identity theft, forgery, theft of motor vehicle, and

15  criminal impersonation in the first degree.  *Id.* at 1.

16       Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly

17  examine a habeas petition when it is filed, and if it plainly appears from the petition and

18  its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

19  The Court declines to serve the petition for reasons of deficiency discussed below, but

20  petitioner is granted leave to file an amended petition to cure its deficiencies, if possible.

21

22  [1] Vasquez's petition selected § 2254 as the basis for habeas corpus, but construing the petition liberally, the Court
    will review his petition as if he had selected § 2241. As a pre-trial habeas petitioner, Mr. Vasquez must file under
23  the general grant of habeas corpus authority afforded by 28 U.S.C. § 2241, not under 28 U.S.C. § 2254, since he is
    not in custody "pursuant to the judgment of a state court." *See Frantz v. Haney*, 533 F.3d 724, 735 (9th Cir. 2008).
24  The Court will also review petitioner's claims according to the Rules Governing Section 2254 Cases in the United
    States District Courts, as Rule 1(b) extends their scope to include § 2241 petitions.

25

DISCUSSION

*Cognizable Constitutional Claims*

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), the Supreme Court explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Here, petitioner's assertions do not constitute an attack on the legality of his custody, because they have failed to describe constitutional violations that form cognizable habeas corpus claims.

Petitioner alleges three due process violations as bases for the dismissal of the criminal case against him:

(1) that law enforcement has violated his right to have the criminal case dismissed when a civil suit between and the alleged victim is a better remedy for the situation;

(2) that police investigators have violated his right to have the allegedly fraudulently acquired property held as evidence by returning the property to the alleged victims; and

(3) that the detective investigating his case has violated his right to "produce evidence" that proves his innocence by not investigating petitioner's assertions that he has such evidence.

The first ground does not bear on the legality of petitioner's confinement in any sense. There is no such right to avoid criminal prosecution simply because a civil case may also be pursued against an individual.

Petitioner's second and third grounds appear to assert violations of petitioner's right to present evidence in his defense, which is a cognizable habeas claim. *See Jackson v. Nevada*, 688 F.3d 1091, 1096 (9th Cir. 2012). However, in his second ground, petitioner fails to indicate how the property in question (a vehicle for which he is accused of fraudulently acquiring title) may serve as evidence of his guilt or innocence in the crimes charged against him. Instead, he asserts that the vehicle rightfully belongs to his company, and that the vehicle should have remained impounded until the question of ownership was settled.

Petitioner objects to the transfer of possession and title of this vehicle. Dkt. 7, at 8. The alleged violation of which he complains, therefore, is not of the right to present one's defense, but of petitioner's due process and property rights, which does not attack the legality of petitioner's custody and therefore may not serve as the basis for a habeas corpus claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Instead, petitioner may choose to pursue this alleged violation through a civil rights lawsuit, under 42 U.S.C. § 1983.

Similarly, the third ground asserts that the petitioner's right to present his defense was violated when his claims to have exculpatory evidence were ignored. According to petitioner's account, he contacted the detective on his case twice about having evidence demonstrating that the allegedly stolen property was in fact petitioner's own, but the detective "never gave him a chance to produce evidence." Dkt. 7, at 9. Yet these

facts alone do not yet constitute a violation of the right to present a complete defense, where the right applies to the evidence that may be produced at trial, and trial has yet to occur. Petitioner has not indicated that he has been prevented from presenting his evidence at trial, so this ground is prematurely brought.

*Exhaustion*

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), exhaustion is necessary as a matter of comity when a petitioner is trying to "abort a trial in the state courts" by raising constitutional defenses to the state charges against him. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973). Only special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). In order to protect comity between the federal and state courts, a petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

On the face of the petition, petitioner denies that he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington State trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Petitioner suggests that he did not exhaust his claims because the date of his trial was imminent, but the progress of the criminal process is not a special circumstance.

Dkt. 7, at 9-11. Therefore, petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

*Younger Abstention*

Petitioner's case may also be inappropriate for review in federal court under the *Younger v. Harris* abstention doctrine. *See* 401 U.S. 37 (1971); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1131 (9th Cir. 2018). Younger abstention bars federal courts from staying or enjoining pending state criminal court proceedings unless there are exceptional circumstances. *Carden*, 626 F.2d at 83.

Younger abstention is appropriate when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts do not invoke the Younger abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, Younger abstention appears to apply. First, petitioner is a pre-trial detainee and is in the midst of ongoing state criminal proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. See *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, petitioner has failed to allege facts showing that he has been denied an

adequate opportunity to address the alleged constitutional violations in the state court proceedings. Fourth, it is unclear if petitioner is raising claims that would effectively enjoin the ongoing state judicial proceeding. It is unclear whether petitioner may seek to bring an excessive bail claim under the Eighth Amendment. See Dkt. 7, at 8-11; see *Arevalo*, 882 F.3d at 766 (finding Younger abstention not appropriate where the issues raised challenged a bail hearing). However, petitioner's stated grounds for relief—violation of due process for seizing property and refusing evidence—would effectively enjoin the ongoing criminal proceedings against him.

Therefore, because it is unclear on the face of the petition whether Younger abstention may apply to petitioner's claims, petitioner must show cause why this case should not be dismissed under *Younger*.

## CONCLUSION

Accordingly, the Court will not serve the petition. Petitioner may file an amended petition or otherwise respond to this order to address the deficiencies listed above, no later than February 20, 2020. The amended petition shall be on the form provided by the Court. In petitioner's response, he shall state every ground on which he claims he is being held in violation of the Constitution and for each ground, state the specific facts supporting his claims. He must also explain why he should not have to fulfill the exhaustion requirement and why his case should not be dismissed under *Younger*.

Mr. Vasquez's amended petition should also name the superintendent or administrator of the facility where he is incarcerated as the correct respondent to his petition. The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*,

982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir. 1989). The current administrator of Thurston County Corrections Facility is Sheriff John Snaza.

It is, therefore, ordered:

(1) The Court will not serve the petition. By February 21, 2020, petitioner must respond to this order or file an amended petition. The Clerk shall send a copy of this Order to petitioner and the Court's form petition for 28 U.S.C. § 2241 petitions.

(2) The Clerk shall send a copy of this Order to Mr. Vasquez.

Dated this 21st day of January, 2020.

Theresa L. Fricke
United States Magistrate Judge